UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-1484 JGB (SHKx)** | Date | January 30, 2020 |
|---|---|---|---|
| Title | ***William C. McCaughey, et al. v. Liberty Mutual Insurance Company, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 23); and (2) VACATING the February 3, 2020 Hearing (IN CHAMBERS)

Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ("Motion," Dkt. No. 23.)  The Court finds this matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the matter, the Court GRANTSs the Motion and VACATES the hearing scheduled for February 3, 2020.

## I. BACKGROUND

**A. Procedural Background**

William C. McCaughey and Mary H. McCaughey ("Plaintiffs") commenced this action in California Superior Court for the County of Riverside on Mary 13, 2019, (Dkt. No. 1-1), and Defendants removed it on August 9, 2019,  (Dkt. No. 1).  Plaintiffs filed a first amended complaint on October 3, 2019,  naming as Defendants Ohio Security Insurance Company ("OSI") and Envista Forensics, LLC ("Envista").  ("FAC," Dkt. No. 11.)  The FAC includes five causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) negligent misrepresentation of material facts; and (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.  (FAC). Plaintiffs seek in excess of $250,000 in damages.  (Id. at 40-41.)

Envista ("Moving Defendant") filed the Motion on November 15, 2019. Plaintiffs opposed the Motion on January 13, 2020, ("Opposition," Dkt. No. 26), and Envista Replied on January 17, 2020, ("Reply," Dkt. No. 28).

**B.  Factual Background**

This is an insurance contract case.  More specifically, it is the case of a cataracting commode, water wreckage, and later legal maneuvers to either claim or limit indemnity.  The allegations in the FAC, which are taken as true for the purposes of the Motion, are as follows. Plaintiffs own real property located at 7355 Magnolia Avenue, Riverside, California ("the Property").  (FAC ¶ 1.)  On September 24, 2018, the Property sustained severe interior water damage when water escaped from a toilet.  (Id. ¶ 6.)  The escaped water damaged the bathroom, hallway, and great room of the Property.  (Id. ¶ 7.)  Prior to the overflow, Plaintiffs obtained an insurance policy ("Policy") with OSI.  (Id. ¶ 5.)  Soon after the overflow, Plaintiffs notified OSI pursuant to the requirements of Policy.  (Id. ¶ 8.)

Plaintiffs hired OneStop Plumbers ("OneStop"), who investigated the cause of the damage and provided a report.  (Id. ¶ 9.)  The OneStop report indicated two causes: a stuck toilet fill valve that caused the toilet's tank to overfill, and an apparent clog in the "overflow" drain of the tank, which did not permit the excess water to drain harmlessly back into the toilet.  (Id. ¶¶ 9, 22.)

OSI assigned an adjuster to the claim, who retained Accurate Leak Locators, Inc., ("Leak Locators") to inspect the Property.  (Id. ¶¶ 11-12.)  On September 28, 2018, Leak Locators inspected the Property but could not identify the cause of the damage.  (Id. ¶ 13.)  Instead, Leak Locators fabricated a cause, and noted in its report that a soft blockage in the master toilet caused the damage.  (Id.)  The OSI adjuster sent Plaintiffs a coverage letter on October 8, 2018 identifying the Policy's limitation on indemnity for water backs-ups or overflows from a sewer, drain, or sump.  (Id. ¶ 15.)

Plaintiffs disputed the OSI adjuster's conclusions, and requested a second inspection with their preferred investigator, OneStop, and the OSI adjuster.  (Id. ¶¶ 18-19.)  The inspection was scheduled and completed on November 14, 2018,[1] with Plaintiff's OneStop engineer and OSI's new engineer, from Envista.  (Id. ¶¶ 19-22, 104, 110.)  Envista sent a report with Zeldon's opinions to OSI on December 25, 2018.[2]  (Id. ¶ 23.)  The Envista report stated:

//
//
//
//

---

[1] Plaintiffs state the inspection occurred on September 14, 2018, a likely error, because the incident occurred on September 24, 2018.  (FAC ¶¶ 19-22.)

[2] Plaintiffs allege the report was produced on November 28, 2018.  (FAC ¶ 106).

> The cause of the loss was the malfunctioning of the toilet's fill valve concurrent with a slow flow condition from the tank overflow, which was not able to keep up with the inflow of water from the stuck on fill valve, resulting in overflow of water from the tank . . . . [I]t was clear that the cause of the leak from the subject toilet tank was due to a malfunctioning/defective tank overflow, which could not keep up with the inflow from the stuck open fill valve.

(Id. ¶ 106.) Notably, the FAC does not dispute the substance of the Envista report, which is consistent with OneStop's report: the damage was caused by the confluence of two factors: 1) a toilet fill valve stuck "on" and 2) a problem with the overflow drain. Whereas Envista characterizes the overflow drain as "malfunctioning/defective," however, the OneStop engineer stated the drain "appeared to be [] clogged." (FAC ¶¶ 9, 106.)

OSI issued a letter on December 10, 2018, stating the claim was still partially denied, but asserting new grounds of limitation or exclusion of indemnity, including that a latent defect or quality in the toilet caused it to damage or destroy itself, or that there were issues of design, workmanship, repair, or maintenance, which were not covered causes of loss under the Policy. (Id. ¶ 25.) In February 2019, OSI issued similar letters or emails asserting various reasons indemnity was limited. (Id. ¶¶ 34-35.)

Plaintiffs name Envista in their claims for negligence, (id. ¶¶ 102-108), negligent misrepresentation of material facts, (id. ¶¶ 109-118), and violation of UCL, (id. ¶¶ 119-125). In particular, Plaintiffs claim Envista's use of the term "defective" in the Envista report breached a duty of care to impartially assess the cause of the incident. (Id. ¶¶ 108, 113.) OSI allegedly gave great importance to this characterization and utilized it as a basis for continued denial of Plaintiffs' claims. (Id. ¶ 109.) In fact, the toilet did not suffer from a "defect" and it malfunctioned after being installed many years ago. (Id. ¶ 113.)

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations must be enough to "raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Id.; see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). In considering a Rule 12(b)(6) motion to dismiss, a court accepts the plaintiff's factual allegations in the complaint, and construes the pleadings in the light most favorable to the non-moving party. See Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Federal Rule of Civil Procedure 15(a)(2) states that the court should "freely give leave [to amend] when justice so requires." If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

### III. DISCUSSION

Envista argues the claims against it are specious and use of the term "defective" in the Envista report did not proximately cause the alleged harm. (Mot. at 7.) Envista also contends it owed no duty to Plaintiffs, because Envista's duty was to supply information to OSI. (Mot. at 6.) Plaintiffs respond that the allegations in the FAC are sufficient for each claim against Envista. The Court examines the sufficiency of each of claim against Envista below.

**A. Negligence**

Under California law, the elements of a claim for negligence are that (1) defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3) defendant was the proximate and legal cause of plaintiff's injury, and (4) plaintiff suffered damage. See Cal. Civ. Code § 1714; Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

Proximate cause "limits the defendant's liability to those foreseeable consequences that the defendant's negligence was a substantial factor in producing." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1342 (1998). "'Ordinarily, proximate cause is a question of fact which cannot be decided as a matter of law from the allegations of a complaint . . . . Nevertheless, where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact." Dep't of State Hosps., 61 Cal. 4th 339, 353 (2015) (quoting Weissich v. County of Marin, 224 Cal. App. 3d 1069, 1084 (1990)).

The Court agrees with Envista that Plaintiffs fail to sufficiently allege that Envista's acts or omissions proximately caused the asserted harm. (Mot. at 11.) Here, Plaintiffs claim Envista's inclusion of the word "defect" caused OSI to assert the "defect" exclusion or limitation of coverage. At the same time, Plaintiffs allege OSI's basis for limiting indemnity was constantly shifting and not grounded in the contract. For example, Plaintiffs claim OSI was not entitled limit coverage, because under CP 72 97, only a defect that causes property to damage or destroy itself can result in limitation, and CP 72 97 removed the exclusion for such breakdowns. (FAC ¶¶ 28, 30, 68-69 ("Here, mechanical breakdown was removed as an exclusion as provided in the modification of the Policy as provided in CP 72 97).") Under this theory, the proximate cause of Plaintiffs' injury is OSI's failure to apply CP 72 97 correctly, not Envista's characterization or mischaracterization of the leak.

In the alternative, Plaintiffs argue that OSI improperly applied an exclusion for "faulty, inadequate, or defective . . . design, [] workmanship, repair, construction, or materials [used in

the same], or maintenance." (FAC ¶ 44.) Under this theory, it might seem Envista's use of the term "defective" to describe the overflow drain was a substantial factor in the denial of coverage. However, Plaintiffs' own expert also asserted the damage was caused by a problem with the overflow drain. (FAC ¶ 9 (noting it appeared to be clogged).) OSI could have invoked the same exclusion by relying on Plaintiffs' own expert report and referencing, for example, maintenance issues.

In addition, it is curious for Plaintiffs to claim Envista's assertions were "inaccurate and false," (id. ¶¶ 107-108), when they substantially match the statements of Plaintiffs' own engineer. This problem with the FAC goes to both causation and breach. As to causation, Envista's choice of the term "defective/malfunctioning," is at most tenuously linked to OSI's shifting grounds for denial or limitation of coverage. As to breach, it is unclear on the face of the complaint how Envista's description was so unreasonable that it breached a purported duty of care to Plaintiffs, where Plaintiffs' engineer reached a conclusion remarkably close to Envista's.

As a result of these defects in the pleading, is unlikely Plaintiffs can amend the FAC to state a claim of negligence against Envista.[3] The claim is therefore DISMISSED WITHOUT LEAVE TO AMEND.

## B. Negligent Misrepresentation

Next, the Court examines whether Plaintiffs have satisfied the elements of a negligent misrepresentation claim under Rule 8(a).[4] This requires a showing that Defendant: (1) made a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) with resulting damage. Anschutz Corp., 785 F. Supp. 2d 799, 822 (N.D. Cal. 2011) (quoting Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)).

The requirement that a plaintiff must plead an affirmative misrepresentation is crucial to a negligent misrepresentation claim: unlike fraud, negligent misrepresentation does not require

---

[3] The Court need not decide whether third-party toilet inspectors hired by insurers owe a duty of care to the insured. However, the Court notes the Opposition did not cite a single case applying the Biakanja factors in a case factually similar to this one. Instead, Plaintiffs discuss the duties of care owed by architecture firms, and make one-sentence, conclusory assertions regarding the applicability of each Biakanja factor in the instant case. (Opp'n at 8-10 (discussing Biakanja v. Irving, 49 Cal. 2d 647, 650 (1958).)

[4] This Court agrees with the reasoning in Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 416 (C.D. Cal. 2012), where the court explained that, because the tort of "negligent misrepresentation" has a critically different element from the tort of "fraud"—namely, the absence of a scienter requirement—analyzing negligent misrepresentation under Rule 9(b) is contrary to the express language and policy of the statute, which was intended to protect against unwarranted defamation. 281 F.R.D. at 416.

scienter, but this lesser mental state "is balanced by its requirement of a false positive assertion or assertion of fact, and not a mere implied assertion." Hynix Semiconductor Inc. v. Rambus Inc., 2007 WL 4209399, at *11 (N.D. Cal. Nov. 26, 2007) (internal quotation marks omitted).

Plaintiffs fail to clear the first and second hurdles of a negligent misrepresentation claim. It is not clear from the FAC that Envista's engineer made a misrepresentation, concealment, or nondisclosure of a past or existing fact. As noted above, the Envista engineer and Plaintiff's engineer were in agreement as to the two main causes of the damage. Assuming Plaintiff's engineer's understanding is correct, and the overflow drain was clogged, then Envista's engineer's statement that the drain was "defective/malfunctioning," is hardly an unreasonable, let alone a positively false, assertion of fact. An overflow drain which becomes clogged or does not drain water quickly enough to compensate for an open fill valve is arguably defective, and a clogged drain is obviously malfunctioning.[5] The negligent misrepresentation claim against Envista is DISMISSED WITHOUT LEAVE TO AMEND.

**C. UCL Claim**

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. In order to have standing to assert a UCL claim, "a party must . . . (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497 (2013) (internal citation and quotation marks omitted). Here, Plaintiffs fail to plead facts sufficient for a prima facie case of causation, and failed to plead any unlawful, unfair, or fraudulent business act. The FAC only states that Envista's engineer conducted an inspection and reached substantially the same conclusion as Plaintiffs' engineer. Accordingly, the UCL claim against Envista is DISMISSED WITHOUT LEAVE TO AMEND.

## IV. CONCLUSION

The Court GRANTS Defendant's motion to dismiss claims against Envista. The hearing scheduled for February 3, 2020 is VACATED.

**IT IS SO ORDERED.**

---

[5] Plaintiffs do not offer definitions for the terms defective, malfunctioning, etc., do not explain whether the Envista engineer was apprised of definitions of those terms in the contract, and do not plead necessary facts for judging the truth or falsity of statements in the Envista engineer's report. The FAC is devoid of facts suggesting the Envista engineer negligently misrepresented the condition of the toilet. Indeed, the pleadings suggest the engineer had reasonable grounds for believing the statement was true.